UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIANA A. CALLOWAY** | **CIVIL ACTION** |
| **VERSUS** | **NO:   17-17533** |
| **H&E EQUIPMENT, INC., ET. AL** | **SECTION: "I" (4)** |

### ORDER

Before the Court is a **Defendants Motion To Compel Discovery Responses** (Rec. doc. 51) filed by H&E Equipment, Inc. ("H&E"), Eric Plaisance ("Plainsance") and Tony Gugliuzza ("Gugliuzza")(collectively "Defendants") seeking an order compelling the plaintiff Kiana Calloway to respond to written discovery.

**A.   Factual Background**

This matter was filed originally *pro se* by the Plaintiff Kiana Calloway ("Calloway") on December 17, 2017 for the alleged racial discrimination, hostile work environment and disparate treatment he experienced at the hands of his supervisors Plaisance and Gugliuzza.   Calloway worked for H &E from July 11, 2013 until November 2015 when he was discharged for alleging being retaliated against by his employer once he began inquiring about why white less skilled workers were being promoted over more qualified african american employees.

Calloway further alleges that he was subjected to racial hostile environment when his supervisors made insensitive remarks despite his request that they stop doing so.  His supervisors, however, continued with their insensitive remarks.  He does not specify the alleged racial insensitivity he experienced nor does he allege the specific racial epithets he was subjected to.  He alleges that he received disciplinary complaints once he began complaining and ultimately was

terminated. He seeks damages in the form of compensation retroactive his last date of employment November 6, 2015. Calloway alleges that he has experienced difficulty finding a job with equivalent pay and benefits.

Now before the Court is the defendant's motion as a result of the plaintiffs delayed and incomplete discovery responses. H&E contends that after its attempt to work cooperatively and multiple Rule 37 conferences for over a five-month period, Calloway's responses to discovery are inadequate. As a result, they seek to compel more complete responses.

Calloway opposes the motion. He contends that if there were remaining questions about the completeness of his written discovery responses, the questions could have been cleared up during his deposition which took place on May 1, 2019. He contends that many of the questions were likely cleared up during the plaintiff's deposition. Plaintiff's counsel contends that the subject motion is not an efficient use of the court's time and he seeks the award of costs and attorney's fees.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

**III.**     **Analysis**

H&E contends that it first propounded its Interrogatories and Request for Production of Documents on the plaintiff in November 2018 and after granting him an extension to January 15, 2019 waited on responses which did not arrive.  (Rec. doc. 51) Defendants contend that after the extensive delay in securing responses from Calloway, it conducted a Rule 37 conference on April 1st.  Id.  The defendants allege that few days before the 37 Conference, Calloway provided insufficient discovery responses. Id.

A discovery conference took place on April 3, 2019 and according to the defendants' agreements were reached with respect to the plaintiff's responses.  Two days later Calloway provided additional documents but no formal response.  Twelve days later on April 17, 2019, Calloway provided the defendants with "supplemental response to the Interrogatories" in an email. Again, the defendants contend that Calloway's responses were insufficient, and another Rule 37 conference took place at which point the defendant was advised that a Motion to Compel would be filed because the responses were insufficient.

Calloway opposes the motion.  His counsel contends that he has spoken with his client to clarify the responses and secured truthful answers and to the best of his knowledge. As a result, Calloway contends that the motion should be denied.

Fed. R. Civ. P. 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing...." The undersigned has previously held that interrogatory responses that refer generally to a deposition transcript do not meet this standard. Courts interpreting Rule 33 have found that "it is 'technically improper and unresponsive for an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories.

**Interrogatory No. 5**

Interrogatory No. 5 sought a listing of jobs that Calloway applied to since he was unemployed. Calloway objected claiming the request was overbroad and vague. Without waiving the objection, he responded that he applied to jobs online using job websites like indeed, jobfinder and monster. The defendants acknowledge that Calloway produced emails that were not complete in response to the Interrogatory No. 5 the actual emails.

The plaintiff supplemented the response indicting that he had several applications stemming from 2015 but lost access to his yahoo email account where most of the applications were stored. (Exhibit K) However, he also indicated that he would provide a response to the defendant.

Although not specifically identified by the motion, the defendants propounded a corresponding Request No. 10 that sought the actual documents which included applications and correspondence for his job seeking efforts. There was however, an informal agreement reached where the Plaintiff's counsel agreed to supplement the response to Interrogatory No. 5 by providing the "full body of emails" produced in response to Interrogatory No. 5. Rec. doc. 51-15, Exhibit N.

There is evidence that some emails were produced but according to the defendant they were "cut off" and no evidence that the emails were provided in response to Request for Production of Document 10. Further, it is unclear what the plaintiff means when he says, "he lost access". Access to an email can be restored by the resetting of the password associated with the account KiannaC@yahoo.com. It also is unclear whether he actually regained access to the account and produced some of the mails.

Further, counsel for the plaintiff has a duty to verify that the job email information is not available as represented by counsel. Therefore, Calloway is required to respond to Interrogatory 5 and Request for Production 10.  Additionally, the rules require that responses to Interrogatories should be verified. As a result, the plaintiff should provide the verification and supplemental responses and production no later than (14) days after the signing of this order.

### Interrogatory 6

Interrogatory 6 requested that Calloway provide evidence he believed supported his claim that he was subjected to a hostile environment including any treatment received from a health care professional.  Rec. doc. 51-13. While Calloway submitted the name of Thad Tatum and address, he failed to identify evidence he believes supported his claim. Id.

During the discussions about the incompleteness of the response, the defendant indicated that the plaintiff had identified Paul Antoine and suggested he would supplement his discovery responses with Antoine's statement.  After the April 19th letter, there is no further indication if securing Antoine's statement remains a problem. In such, the plaintiff should provide the supplemental response no later than (14) days after the signing of this order.

### Interrogatory 16

Defendant seeks the identity of statements or recording obtained along with their physical address.  The plaintiff responded with only the name of a counselor.  He failed to provide any other evidence that supports the claim.  The defendant requests that the plaintiff supplement his response to address the dates of treatment, diagnoses and course of treatment as discussed during the Rule 37 conference. Counsel for the plaintiff confirmed his response to the question but it remains incomplete.  The response to this interrogatory is incomplete and shall be supplemented by

providing Calloway's diagnoses and course of treatment no later than (14) days from the signing of this order.

### Interrogatory 21

Defendant sought information regarding whether Calloway ever complained about discrimination. It further sought the name, subject and substance of the communication and presence of witnesses. In response, Calloway indicated that he has no documents and that he contacted the HR hotline which was recorded and which he believed that he complained. Rather than providing the other details, the plaintiff's counsel told the defendant's counsel that the defendant has the record and should retrieve it. Calloway does not address this Interrogatory in his opposition. The Court having reviewed the response finds that it is inadequate and requires supplementation no later than (14) days from the signing of this order.

The Court also observes that Calloway's informal manner of responding is the cause of the confusion. There is no evidence of any formal response to the request for production of documents such that one is required no later than 14 days from the signing of this order.

Accordingly,

**IT IS ORDERED** that the Defendants **Motion to Compel Discovery Responses (Rec. Doc**. **51**) is **GRANTED**.

**IT IS FURTHER ORDER** that plaintiff supplements his responses to Interrogatory 5, 6, 16 and 21 no later than (14) days from the signing of this Order.

**IT IS FURTHER ORDERED** that plaintiff provide formal responses to the request for production of documents such that one is required no later than (14) days from the signing of this Order.

**IT IS FURTHER ORDERED** that Defendant H&E Equipment, Inc., et. is awarded attorney's fees for costs incurred in bringing the **Motion to Compel Discovery Responses (Rec. doc. 51).**

**IT IS FURTHER ORDERED** that Defendant shall file a motion to fix attorney fees into the record by **May 29, 2019**, along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2. Any opposition shall be filed no later than **June 4, 2019**. The motion shall be set for hearing on **June 12, 2019**, to be heard without oral argument.

New Orleans, Louisiana, this 23rd day of May 2019

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**